IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| AMANDA LYNN WAGNER, | Civ. No. 6:22-cv-00069-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| SEAN KALLERY, | |
| Defendant. | |

AIKEN, District Judge.

*Pro Se* Plaintiff Amanda Lynn Wagner seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. Plaintiff also moves for appointment of counsel. ECF No. 3. For the reasons set forth below, Plaintiff's Motion for Appointment of Pro Bono Counsel is DENIED with leave to refile and Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend. The Court also DENIES Plaintiff's IFP application, ECF No. 2, with leave to refile using the appropriate form.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make

two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id*.

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should

construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

As a preliminary matter, Plaintiff's IFP petition was not submitted using the form provided by the Court and the document submitted by Plaintiff does not include much of the information required to assess Plaintiff's claim of indigency. The Court therefore DENIES Plaintiff's IFP petition, ECF No. 2, with leave to refile using the Court-provided form, a copy of which will be sent to Plaintiff along with this Order. The IFP application form is also available on the public website for the United States District Court for the District of Oregon.

Plaintiff's Complaint indicates that Defendant is a prosecutor in Marion County, Oregon and that Plaintiff is alleging a violation of her rights pursuant to 42 U.S.C. § 1983 but the Complaint is otherwise devoid of facts. In the section of the complaint where Plaintiff is asked to provide a statement of her claim, Plaintiff has written only "Requesting counsel for completion." The section for Plaintiff's requested relief has been left blank. In the absence of any alleged facts, the Court must conclude that Plaintiff has failed to state a claim and the Complaint must be dismissed. Because Plaintiff is *pro se*, she will be given leave to file an amended complaint. In drafting the amended complaint, Plaintiff should include a short and

plain statement of her claim or claims laying out the facts of her case, how she believes the defendant or defendants have harmed her, and why those defendants should be held liable for her injury.

Finally, the Court declines to appoint counsel. There is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to § 1915, this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). In this case, the Court declines to appoint pro bono counsel as Plaintiff has failed to state a claim. Plaintiff may renew her motion for appointment of counsel when she files her amended complaint.

## CONCLUSION

For the reasons set forth above, Plaintiff's Application for Leave to Proceed IFP, ECF No. 2, is DENIED with leave to refile using the form available on the district court's public website. A copy of the IFP form will be mailed to Plaintiff along with this Order. Plaintiff's Motion for Appointment of Pro Bono Counsel, ECF No. 3, is DENIED. The Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days in which to file an amended complaint. Plaintiff is advised that failure to timely file an amended complaint will result in entry of a judgment of dismissal without further notice.

It is so ORDERED and DATED this ___13th___ day of January 2022.

/s/Ann Aiken
ANN AIKEN
United States District Judge