IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| AMANDA LYNN WAGNER, | Civ. No. 6:22-cv-00069-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| SEAN KALLERY, | |
| Defendant. | |

AIKEN, District Judge.

*Pro Se* Plaintiff Amanda Lynn Wagner seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 11. For the reasons set forth below, the Court GRANTS Plaintiff's IFP petition, but DISMISSED Plaintiff's Second Amended Complaint, ECF No. 16, without leave to amend and without service on Defendant.

**LEGAL STANDARD**

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess

whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.

1988).  Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment.  *Id.*

## DISCUSSION

On January 12, 2022, Plaintiff filed her original Complaint in this action, ECF No. 1, along with an IFP petition, ECF No. 2.  On January 13, 2022, the Court dismissed the Complaint with leave to amend, explaining that Plaintiff needed to allege facts in support of her claim for her case to proceed.  ECF No. 7.  The Court also denied Plaintiff's IFP petition with leave to renew using the court-provided forms.  On February 8, 2022, Plaintiff timely filed her Amended Complaint, ECF No. 10, along with a completed IFP petition, ECF No. 11.  On February 16, 2022, the Court dismissed the Amended Complaint for failure to state a claim and granted leave to file a second amended complaint.  ECF No. 12.  Plaintiff filed her second amended complaint ("SAC"), captioned "Corrected Amended Complaint," on April 2, 2022.  ECF No. 16.

The SAC alleges that Defendant Sean Kallery was the deputy district attorney who prosecuted *State v. James*, 21CR09909, in Marion County Circuit Court.  Plaintiff alleges that she was a victim in the case, which involved violent felonies, and sought to have her rights as a victim enforced by Defendant.  Plaintiff alleges that she was called to testify as a witness at the trial on August 18, 2021, but that Defendant refused to accept documents showing that Plaintiff was injured by the crime.  Plaintiff alleges that Defendant did not consult with her before

entering plea negotiations in the case and that Defendant declined to seek restitution for Plaintiff as part of the criminal judgment. Plaintiff alleges that she submitted a victim impact statement, which Defendant read into the record during the sentencing hearing on August 20, 2021. Plaintiff alleges that Defendant failed to notify the circuit court that Plaintiff was not to be identified publicly as a victim in the case and, as a result, Plaintiff's name and victim impact statement became part of the record. Plaintiff seeks $300,000 in damages, as well as an order directing the circuit court to remove Plaintiff's identity as a victim from the public record.

Plaintiff brings a single claim under 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

As with the Amended Complaint, Plaintiff alleges that Defendant's actions violated her rights under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. §§ 3771 (a) (6), (8), and (9).[1] However, as the Court previously explained, the rights outlined in 18 U.S.C. § 3771(a) apply to victims of federal crimes. *See, e.g.,* 18 U.S.C. § 3771 (e)(2)(a) (defining the term "crime victim" to mean "a person directly

---

[1] 18 U.S.C. § 3771(a)(6) concerns the right to "full and timely restitution as provided in law," while § 3771(a)(8) concerns the right "to be treated with fairness and with respect for the victim's dignity and privacy," and § 3771(a)(9) concerns the right "to be informed in a timely manner of any plea bargain or deferred prosecution agreement."

and proximately harmed as a result of the commission of a *Federal offense* or an offense in the District of Columbia." (emphasis added)); *Murrell v. Dennis*, No. CV 10-9489 PA (JCx), 2011 WL 1296684, at *3 (C.D. Cal. Mar. 30, 2011) (holding that, "in order to be considered a crime victim [under the CVRA], *not only must there be some federal crime involved*, but the crime must also be the proximate cause of a plaintiff's harm." (emphasis added).[2]  In this case, Plaintiff alleges that she was the victim of violent felonies prosecuted in Oregon state court by a deputy district attorney and so the CVRA does not apply.  In addition, the CVRA provides that "[n]othing in this chapter shall be construed to authorize a cause of action for damages," which would rule out a substantial portion of Plaintiff's requested relief. 18 U.S.C. § 3771(d)(6).

In the SAC, Plaintiff also alleges that Defendant violated her rights under 18 U.S.C. § 3772, which provides rights for survivors of sexual assault in addition to the crime victim rights provided in § 3771.  These rights in include the right not to be prevented from, or charged for, receiving a medical forensic examination, and also rights related to the preservation of sexual assault evidence collection kits.  18 U.S.C. § 3772(a).  Plaintiff does not, however, allege any facts suggesting that Defendant violated any of the rights set forth in § 3772.  Plaintiff therefore fails to state a claim for violation of her rights under § 3772.

---

[2] There is an exception for federal habeas corpus proceedings arising out of a state court conviction, in which case the federal courts are directed to ensure that a crime victim receives certain rights enumerated in § 3771(a)(3), (4), (7), and (8), *see* 18 U.S.C. § 3771(b)(2)(A), and for purposes of that paragraph only, the definition of "crime victim" is expanded to include the victims of state offenses. 18 U.S.C. § 3771(b)(2)(D).  In this case, however, Plaintiff's claims arise directly out of a recent state court sentencing and so the exception for federal habeas corpus proceedings does not apply.

Accordingly, the Court concludes that Plaintiff has failed to state a claim and the SAC must be dismissed.  Plaintiff has been given two previous opportunities to amend her complaint.  The Court's prior Order gave Plaintiff a detailed explanation of the deficiencies in the Amended Complaint.  Despite this assistance, Plaintiff's SAC is substantially identical to her Amended Complaint.  The Court concludes that any further opportunity to amend would be futile and this case shall be dismissed without leave to amend.  The Court will grant Plaintiff's IFP petition and a final judgment of dismissal shall be entered in this case.

## CONCLUSION

For the reasons set forth above, Plaintiff's IFP petition, ECF No. 11, is GRANTED.  The Corrected Amended Complaint, ECF No. 16, is DISMISSED without leave to amend and without service upon Defendant.  Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ____7th____ day of June 2022.


 /s/Ann Aiken
ANN AIKEN
United States District Judge